1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN L. ROBERTS,

               Plaintiff,

     v.

THE BANK OF NEW YORK MELLON and
NATIONSTAR MR. COOPER,

             Defendants.

CASE NO. 2:23-cv-262

ORDER DENYING PLAINTIFF'S
MOTION TO APPOINT PRO BONO
COUNSEL

14

15

16

17

     This matter comes before the Court on Plaintiff Kevin Roberts's motion to appoint counsel. Dkt. No. 9. Having reviewed the motion, relevant record, and governing law, the Court DENIES Roberts's motion and declines to refer his request for counsel to the Western District of Washington's Pro Bono Panel Screening Committee.

18

### BACKGROUND

19

20

21

22

23

24

     Roberts, proceeding pro se, filed a complaint against Defendants "The Bank of New York Mellon" and "Nationstar/Mr[.] Cooper." Dkt. No. 1. The facts recounted below are all as alleged in Roberts's complaint. Roberts failed to make his mortgage payment on February 1, 2008. *Id.* at 8. At the time, Roberts's home loan was managed by "Countrywide Home Loans." *Id.* Roberts sought to modify his loan, but Countrywide denied his application. *Id.* at 9. Bank of America purchased Roberts's loan, but it also denied his request for a modification. *Id.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

At some point, Specialized Loan Servicing ("SLS") appears to have taken over Roberts's loan. Roberts and his attorney participated in a loan modification mediation with SLS and the state of Washington that resulted in the "Attorney General turn[ing] over [Roberts's] mortgage servicing responsibilities to Nationstar, now known as Mr. Cooper." *Id.* at 10. The "Bank of New York Mellon for Bella Vista Mortgage Trust" foreclosed on Roberts's home in 2017. *Id.* at 5. Roberts tried to vacate the foreclosure in an unidentified judicial proceeding but was unsuccessful. *Id.* at 10.

Roberts does not identify a specific cause of action in his complaint,[1] but reading his complaint as a whole, it seems that the gist of his grievance is that he believes the Bank of New York Mellon foreclosed on his property "after the statute of limitations[.]" *Id.* at 11. Roberts also alleges Defendants "violated their pooling and servicing agreement." *Id.* at 3. Roberts seeks $10 million dollars in damages for pain and suffering. *Id.* at 6.

Roberts moved for appointment of pro bono counsel. Dkt. No. 9. On August 8, 2023, the Court ordered Roberts to file a financial affidavit before it could properly consider his request. Dkt. No. 12. Roberts filed a motion for leave to proceed *in forma pauperis* (IFP), which contains information about his financial condition. Dkt. No. 14. Because Roberts paid the filing fee, the Court construes his motion to proceed IFP as a financial affidavit.

---

[1] Plaintiff uses a template form for a conversion of property claim but does not address this in his allegations. *See generally* Dkt. No. 1. Further, Plaintiff claims this Court has subject matter jurisdiction because he raises a federal question based on Defendants' alleged pooling and servicing agreement violation. *Id.* at 3. These allegations are insufficient to establish federal question jurisdiction under 28 U.S.C. § 1331. But Plaintiff does appear to allege diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is a resident of Washington while Defendants are businesses allegedly incorporated in New York and Texas. Dkt. No. 1 at 4. Plaintiff also seeks damages over $75,000. *Id.* at 6.

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT PRO BONO COUNSEL - 2

## DISCUSSION

Under 28 U.S.C. § 1915(e)(1), district courts "may request an attorney to represent any person unable to afford counsel." But the Ninth Circuit has cabined "the exercise of that power to exceptional circumstances." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "In determining whether exceptional circumstances exist, the Court must evaluate both (1) the likelihood of success on the merits and (2) the litigants' ability to articulate their claims without representation, in light of the complexity of the legal issues involved." *Webb v. NaphCare, Inc.*, No. 3:21-CV-05761-TL, 2022 WL 16744509, at *1 (W.D. Wash. Nov. 7, 2022) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *accord Tai Huynh v. Callison*, 700 F. App'x 637, 638 (9th Cir. 2017). In addition, judges in this District must assess a litigant's case to determine whether it is frivolous and whether the party is financially eligible for pro bono assistance before referring the case to the District's Pro Bono Panel Screening Committee for further review. *See* General Order No. 16-20, § 3(c).

This case does not present exceptional circumstances that justify appointment of pro bono counsel. First, Roberts has not established he is likely to succeed on the merits, as he does not set forth sufficient factual allegations for the Court to discern the elements of his claims. Roberts identifies only two alleged violations—that he believes the Bank of New York Mellon foreclosed on his home after the statute of limitations and that Defendants "violated their pooling and servicing agreement." But he fails to identify any specific statute violated, including the basis of his statute of limitations allegation, specific statutes violated, nor does he provide context for his statute of limitations allegation, so the nature of Defendants' alleged wrongdoing remains unclear. Roberts also does not explain how Defendants allegedly violated their pooling and servicing agreement beyond his conclusory claim. Likewise, Roberts does not indicate whether he is a party to this pooling and servicing agreement, and thus, the Court questions his standing

to bring suit for a breach of this agreement. *See Rogers v. Bank of Am., N.A.*, 787 F.3d 937, 939 (8th Cir. 2015). Additionally, the details Roberts offers in the complaint indicate that some or all the claims he might allege against Defendants may be time barred. Dkt No. 1 at 11 ("7 ½ years had passed before the Judicial Foreclosure was filed…"); *see, e.g.,* RCW § 4.16.040 (six-year limitations period for Washington contract claims); RCW § 19.86.120 (four-year limitations period for Washington Consumer protection act claims); RCW § 4.16.080 (three-year limitations period for negligence claims). Therefore, it remains unclear whether Roberts has stated a claim to relief that is plausible on its face.

Second, Roberts has not articulated exceptional circumstances with respect to his ability to proceed without representation. For example, unlike the pro se litigant in *Tilei v. McGuinness*, Roberts has not provided evidence of medical incapacity or other barriers unique to him. *See* 642 F. App'x 719, 722 (9th Cir. 2016).

Finally, the Court's initial review does not support forwarding Roberts's case to the District's Pro Bono Panel Screening Committee. Roberts does not bring a civil rights action nor do his allegations provide sufficient factual detail for the Court to determine whether his case is one that warrants appointed counsel.

## CONCLUSION

Accordingly, Roberts's motion for appointment of counsel is DENIED without prejudice. Roberts's motion for leave to proceed IFP is also DENIED without prejudice as moot. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at that party's last known address.

Dated this 19th day of September, 2023.

Jamal N. Whitehead
United States District Judge