UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN L. ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, trustee, NATIONSTAR MR. COOPER, Master Servicer,<br><br>Defendants. | CASE NO. 2:23-cv-262<br><br>ORDER |

## 1. INTRODUCTION

Pro se Plaintiff Kevin L. Roberts sues New York Mellon and Mr. Cooper,[1] alleging they improperly foreclosed on his property and "violated the pooling and servicing agreement[.]" Dkt. No. 1 at 3. Defendants move to quash service and to dismiss Roberts's suit. Dkt. Nos. 19, 27. Roberts responds and, for a second time,

---

[1] In his complaint, Roberts lists Defendants as "Bank of New York Mellon" and "Nationstar/Mr. Cooper." Dkt. No. 1 at 2. Defendants clarify they are "The Bank of New York Mellon f/k/a the Bank of New York as Trustee for Bellavista Mortgage Trust 2004-2" and "Nationstar Mortgage LLC d/b/a Mr. Cooper." Dkt. No. 27 at 1. For clarity's sake, the Court refers to Defendants as "New York Mellon" and "Mr. Cooper," or simply "Defendants" when addressing them collectively in this Order.

**ORDER** - 1

asks the Court to appoint counsel to represent him. Dkt. Nos. 30, 32. Having reviewed the parties' motions and the remaining record, the Court GRANTS in part Defendants' motion and DISMISSES Roberts's complaint without prejudice and with leave to amend. If Roberts fails to file an amended complaint addressing the deficiencies identified below within 30 days of this Order, the Court will dismiss his case with prejudice and without further notice.

## 2. BACKGROUND

The facts recounted below are all as alleged in Roberts's complaint. Roberts failed to make his mortgage payment on February 1, 2008. Dkt. No. 1 at 8. Roberts sought to modify his loan, but the loan manager, "Countrywide," denied his application. *Id.* at 9. When Bank of America eventually took ownership of Roberts's loan, it also denied his request for a modification. *Id.*

At some point, Specialized Loan Servicing ("SLS") appears to have taken over Roberts's loan. *Id.* Roberts and his then-attorney participated in a loan modification mediation with SLS and the state of Washington that resulted in the "Attorney General turn[ing] over [Roberts's] mortgage servicing responsibilities to [Mr. Cooper]." *Id.* at 10. New York Mellon filed for foreclosure on Roberts's home in 2017. *Id.* at 5. Roberts tried to vacate the foreclosure in an unidentified judicial proceeding but failed. *Id.* at 10.

Roberts does not identify a specific cause of action in his complaint,[2] but reading his complaint as a whole, his primary allegations are that New York Mellon

---

[2] Roberts uses a template conversion-of-property claim form, but conversion is not among his allegations. *See generally* Dkt. No. 1.

foreclosed on his property "after the statute of limitations" and that Defendants "violated their pooling and servicing agreement." *Id.* at 3, 11. Roberts seeks $10 million dollars in damages for pain and suffering. *Id.* at 6.

### 3. DISCUSSION

**3.1 Legal standard.**

The Court will grant a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard is less than probability, "but it asks for more than a sheer possibility" that a defendant did something wrong. *Id.* (citations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In other words, a plaintiff must have pled "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

When considering a motion to dismiss, the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). But courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citations

omitted). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (internal quotation marks omitted).

Pro se pleadings, such as the complaint here, are liberally construed on a motion to dismiss. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (while *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter courts' obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*").

**3.2   Roberts fails to state a claim.**

Defendants argue the Court should dismiss Roberts's complaint for lack of standing because, as a borrower, Roberts was not a party or third-party beneficiary to the Pooling and Servicing Agreement.[3] Dkt. No. 27 at 5-6. Alternatively, Defendants argue Rule 12(e) requires that Roberts provide a more definite statement. *Id.* at 6-7.

Roberts did not file a timely opposition to Defendants' motion to dismiss, but he did file a late response and three "letters." Dkt. Nos. 32, 33, 34, 35. Rather than addressing Defendants' arguments, Roberts asks the Court to deny "dismissal until [he] get[s] a[n] attorney." Dkt. No. 32 at 1. In his subsequent letters, Roberts mentions an unidentified lawsuit by the Consumer Financial Protection Bureau

---

[3] Defendants also argue the doctrine of res judicata bars Roberts's claims because even if not identical to claims that he raised in prior state actions, he could have brought them at that time. This may be true, but because Roberts does not allege sufficient factual allegations from which to discern the elements of the claims he tries to bring, the Court cannot determine whether res judicata or collateral estoppel applies at this time.

**ORDER** - 4

against Mr. Cooper "for violations of the pooling and servicing agreement," but he does not allege that he is a party to this agreement. Dkt. Nos. 33 at 1; 35 at 1.

The Court finds that Roberts has failed to state a claim, and his complaint must be dismissed under Rule 12(b)(6). The complaint does not set forth sufficient factual allegations for the Court to discern a cause of action. Roberts does not identify any specific statute violated, including the basis of his statute of limitations allegation, so the nature of Defendants' wrongdoing remains unclear. Roberts also fails to explain how Defendants allegedly violated their pooling and servicing agreement beyond his conclusory claim. Not only that, Roberts does not allege he is a party to this pooling and servicing agreement, and thus, he has not established standing to bring suit for a violation. *See Rogers v. Bank of Am., N.A.*, 787 F.3d 937, 939 (8th Cir. 2015).

Lastly, the details Roberts offers in the complaint indicate that some or all the claims he might allege against Defendants may be time barred. Dkt No. 1 at 11 ("7 ½ years had passed before the Judicial Foreclosure was filed…"); *see, e.g.*, RCW § 4.16.040 (six-year limitations period for Washington contract claims); RCW § 19.86.120 (four-year limitations period for Washington Consumer protection act claims); RCW § 4.16.080 (three-year limitations period for negligence claims). The Court pointed this out in its previous Order declining to appoint pro bono counsel, but Roberts has not addressed the timing in any of his subsequent filings. *See* Dkt. No. 17 at 4.

### 3.3 The Court grants leave to amend.

Ordinarily, when a court dismisses a pro se plaintiff's complaint for failure to state a claim, it must grant leave to amend even when no request to amend is made. *Yagman v. Garcetti*, 852 F.3d 966, 976 (9th Cir. 2022). But "[a]n action may be dismissed for lack of subject matter jurisdiction, without leave to amend, when it is clear the jurisdiction deficiency cannot be cured by amendment." *Johnson v. Biden*, No. C21-466 MJP, 2021 WL 1894012, at *1 (W.D. Wash. May 11, 2021) (quoting *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980)). And leave to amend may be denied where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

Given the problems identified with Roberts's claims, perhaps amendment is futile, but the Court will provide him a final opportunity to allege a plausible case against Defendants. Roberts must file an amended complaint by no later than 30 days from the date of this order.

### 3.4 Roberts must properly serve Defendants.

Defendants move to quash service of the summons and deny Roberts's motion for default.[4] Dkt. No. 19. When a defendant shows insufficient service of process, a "district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "[S]ervice will ordinarily be quashed and the action preserved where 'there is a reasonable

---

[4] The Court construes Roberts's "Notice of Default" as a motion for default because he writes "[i]t has been 30 days since I served the documents and there has been no response so [Defendants] are now in default." Dkt. No. 16 at 1.

**ORDER** - 6

prospect that plaintiff ultimately will be able to serve defendant properly,'" *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 585 (1969)). Further, "[w]here it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Dillard v. Red Canoe Fed. Credit Union*, No. C14-1782JLR, 2015 WL 1782083, at *3 (W.D. Wash. Apr. 17, 2015).

Roberts attempted to serve Defendants by leaving the paperwork with a person named "Robert William McDonald," an employee of Quality Loan Service Corporation. Dkt. No. 16. He also sent documents by mail to "Corporation Service Company" and "The Bank of New York Mellon." Dkt. No. 22.

Under the Federal Rules of Civil Procedure, someone who is "not a party" can serve a copy of the summons and complaint by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). In Washington, a summons must be served on a company or corporation "to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." RCW § 4.28.080(9). Washington permits service by mail only in circumstances justifying service by publication. Washington CR 4(d)(4).

**ORDER** - 7

Mr. Cooper's agent for service of process in the state of Washington is Corporation Service Company. Dkt. No. 19 at 3. New York Mellon does not have a designated agent for service of process. *Id.* It follows that delivering a copy to McDonald will not suffice, and Roberts has not shown that service by mail is justified. Accordingly, the Court quashes service of process and denies Roberts's motion for default.

**3.5   Plaintiff's motion to appoint counsel.**

For a second time, Roberts moves for appointment of pro bono counsel. Dkt. No. 30. Roberts argues that he needs counsel because he has lost rental income and can no longer afford an attorney. *Id.* at 1. Roberts further argues that an attorney would help him "fight this illegal foreclosure according to the Security Exchange Commission." *Id.*

The Court denied Roberts's first motion asking the Court to appoint pro bono counsel because Roberts failed to establish that he is likely to succeed on the merits given his lack of sufficient factual allegations and because he did not articulate exceptional circumstances with respect to his ability to proceed without representation. Dkt. No. 17 at 3-4. In addition, because Roberts does not bring a civil rights action, the Court declined to forward his case to the District's Pro Bono Panel Screening Committee. *Id.* at 4.

Roberts's second motion to appoint pro bono counsel does not rectify or even address any of the deficiencies identified by the Court. *See* Dkt. No. 30. Accordingly, the Court DENIES Roberts's motion again.

## 4. CONCLUSION

In sum, the Court GRANTS in part Defendants' motion to dismiss and DISMISSES Roberts's claims without prejudice. Roberts may file an amended complaint no later than 30 days from the date of this Order.

The Court GRANTS Defendants' motion to quash service of process and DENIES Roberts's motion for default.

The Court DENIES Roberts's second motion to appoint pro bono counsel.

Dated this 31st day of July, 2024.

*Jamal W.*

Jamal N. Whitehead
United States District Judge