UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN L. ROBERTS, | CASE NO. 2:23-cv-262 |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| THE BANK OF NEW YORK MELLON, trustee, NATIONSTAR MR. COOPER, Master Servicer, | |
| Defendants. | |

On July 31, 2024, the Court granted in part Defendants New York Mellon and Mr. Cooper's motion to dismiss[1] and gave Plaintiff Kevin L. Roberts 30 days to amend his complaint. Dkt. No. 37. The Court warned Roberts that if he failed to timely file an amended complaint, it would dismiss his case with prejuidce and

---

[1] In his complaint, Roberts lists Defendants as "Bank of New York Mellon" and "Nationstar/Mr. Cooper." Dkt. No. 1 at 2. Defendants clarify they are "The Bank of New York Mellon f/k/a the Bank of New York as Trustee for Bellavista Mortgage Trust 2004-2" and Nationstar Mortgage LLC d/b/a Mr. Cooper." Dkt. No. 27 at 1. For clarity's sake, the Court refers to Defendants as "New York Mellon" and "Mr. Cooper," or simply "Defendants" when addressing them collectively in this Order.

**ORDER OF DISMISSAL - 1**

without further notice. Roberts has not amended his complaint, and the 30-day-deadline has passed.

On September 3, 2024, Roberts moved for an "extension" to appeal his case. Dkt. No. 38. It's unclear what specific relief Roberts seeks. To the extent he asks to extend the deadline to file an amended complaint, the Court does not find the requisite good cause to do so. Roberts says he needs more time to work with a lawyer to settle this matter out of court, however, this case has been pending since February 2023. In short, Roberts has had over a year to obtain counsel and has failed to do so.

To the extent that Roberts seeks to extend the deadline to appeal the Court's July 31, 2024, Order, his request is futile because the Court's July 31, 2024, Order was not a final appealable order. Generally, "a party is entitled to [a] single appeal, to be deferred until *final judgment* has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (emphasis added). When a district court dismisses a complaint without prejudice and express leave to amend, the order is not final. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1137 (9th Cir. 1997). Accordingly, "[a] final judgment must be obtained before the case becomes appealable[,]" even if the plaintiff fails to properly amend their complaint. *Id.* Because the Court's July 31, 2024, was not a final judgment, there is no extension needed for Roberts to appeal his case once the Court enters its final judgment. *See* Fed. R. App. P. 3, 4.

**ORDER OF DISMISSAL - 2**

Thus, Roberts's case is DISMISSED with prejudice and Roberts's motion for an extension, Dkt. No. 38, is DENIED. The Court directs the Clerk to close this case.

Dated this 4th day of November, 2024.

Jamal N. Whitehead
United States District Judge

ORDER OF DISMISSAL - 3